UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                  Plaintiff,

                                                                          DECISION AND ORDER

                                                                          07-CR-6208L
                                                                          11-CV-6265L
                 v.

ALBERT DONALD,

                                  Defendant.
_____

       Defendant Albert Donald ("Donald") was convicted after a jury trial of narcotics trafficking offenses and a firearms offense. He was sentenced by this Court principally to an aggregate term of 240 months imprisonment.

       Donald appealed from the judgment and on March 28, 2011, the United States Court of Appeals for the Second Circuit affirmed the conviction in a summary order. Thereafter, Donald filed the pending motion (Dkt. #129), *pro se,* pursuant to 28 U.S.C. § 2255 to vacate the Judgment of Conviction.

       After the original motion was filed, Donald filed two motions (Dkts. #137, #140) to amend the original motion. The Court granted leave (Dkt. #139) and the Government filed a Response (Dkt. #132) to the original motion, as well as a second Response (Dkt. #145), to Donald's subsequent filings (Dkt. #144). The motion to vacate, as amended, is in all respects denied.[1]

---

[1] During the pendency of Donald's motion to vacate pursuant to § 2255, he also moved (Dkt. #135) for a reduction of the sentence based on the retroactive application of the Sentencing Guidelines for possession of cocaine base, pursuant to 18 U.S.C. § 3582. The Court denied the motion by order entered January 9, 2012 (Dkt. #136).

# DONALD'S ORIGINAL MOTION

Donald's original motion alleges that he received ineffective assistance of counsel in several respects and he also now claims that he is entitled to relief because he is actually innocent of the crimes charged.

Donald has a heavy burden of establishing ineffective assistance of counsel. The test for such claims was established in *Strickland v. Washington,* 466 U.S. 668 (1984) by the United States Supreme Court. There are two aspects to the test, both a performance test and a prejudice test. To obtain relief, Donald must establish that his lawyer's performance was deficient when measured against an objective standard and, additionally, that there was a "reasonable probability" that but for counsel's errors, the result of the proceeding would have been different. Donald has failed to establish either requirement.

As the Government points out in its Responses, there is a strong presumption that defense counsel's performance fell within the range of reasonable professional assistance and that matters of trial strategy or the like do not constitute deficient performance.

Donald raises a spate of matters he believes demonstrates counsel's ineffective assistance. Most require little comment.

Although Donald addresses these claims in terms of ineffective assistance of counsel, they are little more than a reargument of claims that Donald made on direct appeal, which were rejected by the Second Circuit. In some instances, Donald attacks his trial counsel's performance because counsel failed to prevail at the trial relating to certain matters. Counsel is not a magician, however. Counsel, in fact, vigorously argued for certain things at trial, but this Court rejected his arguments and ruled against Donald. Such activity can hardly be classified as ineffective assistance of counsel.

For example, Donald argues that counsel was ineffective for failing to obtain a missing witness instruction relative to a Government informant. The request for such an instruction was made by counsel but the Court ruled that it was not appropriate in this case, and the Second Circuit affirmed that decision.

Donald also suggests that counsel was ineffective for failing to successfully attack the credibility of one of the Government's principal witnesses, Floretta Alston. The record, however, demonstrates that counsel, during cross examination, repeatedly challenged Alston. The Government in its Response (Dkt. #132 at p. 9-10) provides a lengthy list of what Donald's trial counsel did concerning the witness Alston. The witness was vigorously challenged by counsel. Simply because the jury apparently accepted her testimony (which was corroborated by other evidence) does not demonstrate ineffective assistance of counsel.

Donald also claims, under the guise of an ineffective-assistance claim, that his prior conviction involving narcotics should not have been considered by the Court under the United States Sentencing Guidelines. This Court ruled that the conviction was properly considered and the Second Circuit affirmed that decision. There is, therefore, no basis to claim that counsel was ineffective for failing to prevail on that argument.

In its Response (Dkt. #132), the Government lists the numerous things that defense counsel did in the course of the trial to conduct a defense. The record supports all those assertions and demonstrates that Donald's trial counsel was a vigorous proponent for Donald on the issues raised during trial and provided an objectively reasonable level of performance on Donald's behalf.

Several other matters raised by Donald now simply are erroneous statements of the law and, therefore, fail to show ineffective assistance of counsel. For example, Donald suggests that trial counsel should have relied on Fed R. Evid. 806 when dealing with the missing informant, Gregory Jasper. But, as the Government points out in its Response (Dkt. #132, p. 14-15), that Rule has no applicability whatsoever since Jasper did not testify. Therefore, the only avenue open for Donald's counsel was to seek a missing-witness instruction, which he did. This Court denied the request and the Second Circuit affirmed.

Donald also claims that counsel erred in failing to subpoena certain records, although Donald is not specific as to what those records might have been. The Government opines that they may have related to New York State Department of Social Services records relating to Floretta Alston's

application for benefits. That matter related to whether or not Donald lived at 39 Poplar Street in Rochester. There was ample testimony through Alston, as well as other independent evidence, that in fact Donald did live at that address where incriminating evidence was found. The fact that Donald was not listed on Alston's application for benefits was admitted by Alston when she testified and she provided a reason for not listing Donald: had he been listed, she would have been denied benefits.

In addition, Donald made post-arrest admissions to law enforcement agents. For example, Donald told DEA Special Agent Kernan that he had been involved in narcotics trafficking for an extended period of time. In light of this, Donald cannot establish the second prong of the *Strickland* test that, absent counsel's deficient performance, there was a substantial probability that the result would have been different.

Donald also claims he is entitled to relief because he asserts that he is actually innocent of the crimes in light of so-called new evidence. Even if such a claim is cognizable in this proceeding, Donald fails to establish any entitlement to relief. As the Government points out, the only "new" evidence is the fact that another person, one James Douchette, was found guilty in March 2010 of a drug crime. Donald claims that the witness Alston was Douchette's boyfriend at some time. Based on that thin reed, Donald asserts, without any evidentiary support, that it was Douchette who was the drug dealer in this case and not him. The fact that another person was convicted of selling drugs at another time, at another place in the City of Rochester, and was part of a different conspiracy, provides no basis to exonerate Donald. Alston's alleged relationship with Douchette also fails to exonerate Donald.

As the Government points out at several points in its Responses, there was very strong evidence that at the time in question Donald was married to Alston, resided at 39 Poplar Street and was the only adult male living there. Law enforcement officers testified about their surveillance of Donald's drug activities, as well as the execution of a search warrant at Poplar Street which resulted in the seizure of drug paraphernalia and the firearm. In addition, Donald himself made incriminating post-arrest statements admitting his involvement in drug trafficking. In short, Donald's present

claim of actual innocence because another person was later convicted of drug trafficking in the same city forms no basis for the relief requested here.

## DONALD'S AMENDED MOTION

Prior to commencement of Donald's trial, the Government filed an Information, pursuant to 21 U.S.C. § 851, notifying Donald, should he be convicted, that the Government intended to rely on his prior 1997 felony drug conviction as a basis for increased punishment, pursuant to 21 U.S.C. § 841(b)(1)(A) and (B). The record is clear, as the Government points out, that the fact that the Government intended to rely on this prior conviction should Donald proceed to trial was well known and appreciated by all. It was one of the risks Donald faced should he reject a plea and proceed to trial.

The prior conviction was a New York State conviction for attempted criminal possession of a controlled substance in the third degree and, based on that prior conviction, Donald received the statutory mandatory minimum term of 20 years imprisonment when he was convicted after trial in this Court.

The issue concerning this felony, and the Government's use of it, was litigated extensively before this Court and on the direct appeal before the United States Court of Appeals for the Second Circuit. Donald claimed in both courts that the prior conviction did not fall within the definition of a prior "drug felony offense" requiring enhancement under § 841 because he received a Youthful Offender ("YO") sentence. This Court and the Court of Appeals, however, rejected that argument and affirmed the conviction and sentence on direct appeal.

Although Donald's argument is clothed in slightly different garb, the essence of the argument remains the same: that the YO conviction should not have been used against him resulting in an enhancement of his sentence.

The vehicle now for raising this argument is another stab at an ineffective-assistance-of-counsel claim. Donald claims that his counsel failed to raise any objection to the Court's proceeding

under § 851(b). There is no basis for such relief. The purpose for § 851(b) is to provide defendant with notice that the prior drug felony conviction exists and that the Government intends to utilize it. The record is clear that Donald was aware of this conviction and the Government's intent to use it. He argued at the time of sentencing and on appeal that the conviction should not count because he was sentenced as a youthful offender.

Donald can hardly fault his attorney, because the objective facts show that his attorney strenuously objected to the use of that conviction and the resulting enhancement. Neither his counsel nor Donald himself ever suggested that he had not in fact been convicted of the crime; his only argument was that, although convicted of the crime, it should not count under § 851 for enhancement purposes.

Furthermore, as the Government points out in its Responses, it does not appear that Donald could have challenged the prior conviction since it occurred in 1997, a decade prior to his conviction in federal court. Therefore, for the reasons pointed out in the Government's Responses, Donald's claims concerning ineffective assistance of counsel relating to the enhancement of the sentence under § 851 are without merit and must be denied.

## CONCLUSION

The motion (Dkt. #129) of Albert Donald pursuant to 28 U.S.C. § 2255 to vacate his conviction, and as amended (Dkts. #137 and #140), is in all respects denied.

Donald's motion (Dkt. #134) for appointment of counsel is denied.

Donald's motion (Dkt. #138) to expedite is denied as moot.

I deny a certificate of appealability because the defendant has failed to make a substantial showing of a constitutional violation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
    April 12, 2012.